132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willy SONTAY-MORALES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70566, Anb-ldz-bcd.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Before SNEED, LEAVY, and TROT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Willy Sontay-Morales, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under §§ 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review the credibility findings of the BIA and the IJ for substantial evidence. See Berroteran-Melendez, 955 F.2d 1251, 1256 (9th Cir.1992). Where, as here, the BIA adopts the IJ's credibility findings, we review the IJ's decision. See id.
 
 
 4
 Because Sontay-Morales failed to challenge the IJ's adverse credibility finding either in this court or before the BIA, he has waived that issue on appeal. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996), cert. denied, 118 S.Ct. 49 (1997). Even assuming Sontay-Morales did rot waive the issue, however, substantial evidence supports the IJ's adverse credibility determination. See Berroteran-Melendez, 955 F.2d at 1256 (IJ's credibility finding must be giver, substantial deference if supported by specific, cogent reason for disbelief). Because Sontay-Morales' testimony was not credible, he failed to establish eligibility for asylum or withholding of deportation. See id. at 1257-58.[2]
 
 
 5
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. Because petitioner was in deportation proceedings before April 1, 1997, however, § 309(c) of IIRIRA provides that this court continues to have jurisdiction under § 1105a
 
 
 [2]
 We thus need not consider Sontay-Morales' contentions that the BIA failed to consider imputed political opinion or apply the standard set forth in INS v. Cardozo-Fonseca, 480 U.S. 421 (1987)